In the Matter of M. M. T., a Minor Under the Age of Eighteen (18) Years, Appellant,

v.

DISTRICT COURT OF MAYES COUNTY, the State of Oklahoma, and the Honorable W. M. Thomas, Associate District Judge, Appellee.

No. J–81–470.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1981.

William T. Witt, Pryor, for appellant.

Fred H. Sordahl, Asst. Dist. Atty., Pryor, for appellee.

## OPINION

BUSSEY, Judge:

On appeal from an order, issued by the Honorable W. M. Thomas, Associate District Judge, in Mayes County District Court, Case No. JFJ–81–23, certifying him to stand trial as an adult, the appellant, M. M. T., asserts two assignments of error.

He first contends that the evidence adduced at the hearing on determination of prosecutive merit was wholly insufficient to establish the specific intent to commit the offense of Assault and Battery with Intent to Kill, with which he was charged. This assignment of error is patently frivolous. The record reflects that on April 10, 1981, the appellant, M. M. T., barged into the dwelling of the victim, Dale Allen Morrison, with a five-inch knife in hand, called him an S.O.B. and stabbed him three times in the chest. The victim testified that he was hospitalized twelve days as a result of the injuries he sustained.

The facts and circumstances were ample to meet the test of prosecutive merit set forth in *J. T. P. v. State*, 544 P.2d 1270 (Okl.Cr.1975), in which we required "a finding that a crime has been committed and that there is probable cause to believe that the accused child committed it."

The appellant secondly contends that the trial court erred in certifying him to stand trial as an adult. The record discloses that the defendant has been involved with juvenile authorities on numerous occasions.[1] The alleged crime with which he is charged was committed in a violent and aggressive manner. The testimony of Tom McKinley, a juvenile probation and parole officer employed by the Department of Human Services, regarding the rehabilitation of the appellant, was that, "I am not definite either way on that. I am more strong towards, no, I don't think he can"; and, ". . . he has not really shown me any effort in rehabilitation and efforts in making himself a more productive person." Further, in his Findings as to Prosecutive Merit and Amenability to Rehabilitation, the trial court found that: "[T]his child has been declared a juvenile delinquent two times previous to this alleged offense in that each allegation involved a crime of a serious nature, and if he were an adult it would have been a felony."

After a thorough examination of the record before us and being fully advised in the premises, we find that there was ample evidence to support the court's decision to certify the appellant to stand trial as an adult. This assignment of error is without merit.

For the above and foregoing reasons, the order of the District Court of Mayes County, certifying the appellant to stand trial as an adult is AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.

---

1. Attached with the certification study are all certified copies of orders of adjudication and orders of disposition from Woodward County and juvenile probation conditions and statements of understanding from Woodward County, signed on 6/26/80. A petition filed November 24, 1980, in Mayes County, for the charge of Burglary II and adjudicatory order filed on February 9, 1981, where [M] was adjudicated a delinquent and dispositional order filed on January 22, 1981, when [M] was placed on probation and released to the custody of his parents and juvenile conditions stated January 16, 1981.